

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2007

# Saporito v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

### Recommended Citation

"Saporito v. Comm Social Security" (2007). *2007 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1394
_____

RICHARD L. SAPORITO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00101)
District Judge:  Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2007

Before: RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: September 27, 2007)
_____

OPINION
_____

PER CURIAM

        Richard Saporito appeals the final order of the District Court granting summary

judgment in favor of the Commissioner of Social Security, and denying Saporito's motion

for summary judgment.  For the reasons that follow, we will affirm the decision of the

District Court.

In October 2004, Saporito, who had been receiving supplemental security income ("SSI") benefits, was notified that he was ineligible to receive SSI benefits for December 2004 because his wife's estimated wages for that month would exceed the maximum allowed. Saporito believed that the Social Security Administration's calculations were incorrect and asked the Administration to reconsider the decision; a representative of the Administration met with Saporito in order to resolve the misunderstanding. Despite the meeting, Saporito requested review by an Administrative Law Judge, specifying that he did "not question the termination of SSI benefits, but rather the month of termination . . . ." The ALJ affirmed the termination of benefits for December 2004, and the Appeals Council denied Saporito's request for review, making the ALJ's opinion the final decision of the Commissioner for purposes of review. In January 2006, Saporito filed suit in the District Court, seeking review. The District Court granted the Commissioner's motion for summary judgment. Saporito appealed and has filed two motions for summary reversal.

We have jurisdiction under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's decision. See 42 U.S.C. § 405(g). Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988)).

Saporito has maintained throughout that he does not dispute that he was ineligible for benefits for *some* month. Indeed, the parties agree that Mrs. Saporito was paid $1,829.73 in December, which was a few dollars over the $1,823 maximum income she could earn and have Saporito remain eligible for SSI benefits.[1] Saporito's only argument related to his eligibility is that the Administration improperly projected his wife's income in December 2004 by using her income from before December 2004, resulting in his being prospectively declared ineligible. According to Saporito, the Administration should have waited until receiving his wife's actual income figures for December 2004, and then found him to be ineligible two months later, in February 2005.

Even assuming that such a claim is subject to judicial review, Saporito has not shown reason to overturn the ALJ's decision that he was correctly denied benefits in December 2004. The determination of whether an individual is eligible in a given month is based on whether the individual meets that requirements in that *same given month*. See 20 C.F.R. § 416.203(b). Suspension of payments due to excess income is effective as of the first month that the countable income is over the maximum amount. See 20 C.F.R. § 416.1323(a). The Administration considers the income of the ineligible spouse "in the current month to determine whether you are eligible for SSI benefits for that month." 20 C.F.R. § 416.1160(b)(1). Accordingly, the Administration did not err in determining that

---

[1]The $1,823 figure results from the Administration's use of a formula which calculates how much income of an individual ineligible for SSI benefits will be deemed to an eligible spouse, and sets a maximum amount in order for the participating party to remain eligible. See generally, 20 C.F.R. § 416.1160.

Saporito was ineligible in December 2004 when his wife's December 2004 income was too high. While Saporito contends that the Administration may not predict his wife's December 2004 income beforehand, he has not shown that the Administration's method of calculation was improper.[2]

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of the Commissioner. Saporito's motions for summary judgment are denied.

---

[2]To the extent that Saporito expresses the valid concern that such projections of his wife's income to arrive at a "current month" figure might overestimate her income to be more than the maximum amount allowed for his eligibility that month, when in fact she will later earn under the maximum amount, thus allowing him to be eligible, we note that the Administration has specifically indicated that it will make any necessary adjustments based on the ineligible spouse's actual earnings. See Appellee's Brief at 13.